Spalding, J.
There can be no doubt that the testator con templated that his wife, after his death, would continue to reside in the mansion-house, and receive her support from the products of the farm; but this is not cumpulsory.
We cannot construe the will in such a manner as shall force her, either to reside upon the farm, or to lose the support provided for her by her husband.
The whole of the dwelling-house is given to her, and must be subject to her control.
In addition to this, it is the duty of Joseph to furnish her with necessary and convenient food and raiment, fire wood and candles, medicine and medical attendance, and whatever else may be necessary for her comfort during life, provided she sees fit to occupy the mansion-house and live on the farm. But if she prefers to take up her abode elsewhere, then the rent of the house will be hers, and she will be entitled, in addition thereto, to such a sum in money as will be equivalent to the *523 cost of her maintenance in said dwelling-house, and upon the-farm.
The only error to be found in the charge of the court below is this: “ That she might reside with whom and where she-
pleased, and the defendant would be liable to her for an amount sufficient for her comfort while she lived.”
If Mary Tope chose to reside at the Astor House, in New York, we think the defendant would not be liable to her for an amount sufficient for her comfort while there. We think she may reside in New York or Philadelphia, however, and in that case Joseph will be liable to pay her whatever sum it may be considered worth, to support her comfortably in the mansion-house, and upon the farm devised to him.
As the charge of the court, in our opinion, goes beyond this, it is in that respect erroneous, and the judgment of the common pleas is, therefore, reversed.